# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JADA TOYS, INC., | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) Case No. 07 C 699 |
| | ) |
| v. | ) |
| | ) Magistrate Judge Geraldine Soat Brown |
| CHICAGO IMPORT, INC., | ) |
| | ) |
| Defendant and Counter-Plaintiff. | ) |

## MEMORANDUM OPINION AND ORDER

In an earlier oral ruling, the court denied the motion of Plaintiff/counter-defendant Jada Toys, Inc. ("Jada") to dismiss Count I of the Amended Counterclaim filed by Defendant/counter-plaintiff Chicago Imports, Inc. ("Chicago Imports"). [Dkt 67.][1] The portion of the motion seeking to dismiss Count II of the Amended Counterclaim was taken under advisement. Discovery proceeded, and new counsel appeared for Jada. [Dkt 74.] This opinion rules on Jada's motion to dismiss Count II.

Count I of the Amended Counterclaim alleges that Jada breached an oral agreement to sell toy cars to Chicago Imports at the same prices Jada was selling the toys to distributors in New York and California. (Am. Countercl. ¶ 10.) Count II alleges fraud in the inducement of that agreement. Specifically, Chicago Imports alleges that Jada's representative Jack Lee stated, in a conversation in Chicago in 1999, that Jada would sell the cars to Chicago Imports at the same prices, but that Mr.

---

[1] Chicago Imports had filed its initial counterclaim earlier [dkt 41], but after Jada moved to dismiss that counterclaim [dkt 44, 46], Chicago Imports sought leave to file an Amended Counterclaim, which the court allowed [dkt 52, 56, 57].

Lee's statement was part of a scheme to defraud because Jada never intended to carry out that promise. (Am. Countercl. ¶¶ 8, 10, 16,18, 20.)

Jada first argues that Count II should be dismissed because it is not pled with the requisite specificity. (Jada's Mem. Law at 9-10.) [Dkt 61]. Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." That means that a complaint alleging fraud must provide "the who, what, when, where, and how. . . ." *DiLeo v Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Count II satisfies that requirement.

Jada's main argument, however, is that Count II fails to state a claim because it fails to sufficiently allege the "scheme to defraud" required by Illinois law for a claim of promissory fraud.[2] (Jada's Mem. Law at 10-13.) Chicago Imports alleges, in a conclusory way, that Jada's representation that it would sell cars to Chicago Imports at the same prices it was selling to others "was part of a scheme to defraud." (Am. Countercl. ¶ 20.) It also alleges that from 1999 to 2006, Chicago Imports entered into a series of agreements to buy toys from Jada in reliance on that representation. (*Id*. ¶¶ 22, 23.) Thus, it alleges one representation and a series of acts over seven years in reliance on that representation. The issue is whether that is sufficient to allege a "scheme to defraud" under Illinois law.

Under Illinois law, misrepresenting an intention to perform future conduct, even if made without a present intention to perform, does not constitute fraud. *HPI Health Care Servs. v. Mt.*

---

[2] The parties agree that Illinois law governs Count II. (Jada's Mem. Law at 10; Chicago Imports' Resp. at 9 [dkt 63].)

*Vernon Hosp., Inc.*, 545 N.E.2d 672, 682 (Ill. 1989) (citations omitted). However, Illinois has recognized an exception to that rule. Under that exception, such promises are actionable if "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." *Id.* (citations omitted). Thus, under Illinois law, the promise must be part of a scheme to defraud in order to state a claim for promissory fraud.[3]

The distinction between a false promise and a *scheme* of promissory fraud is elusive and has caused considerable uncertainty, as many courts have acknowledged. *See, e.g., Desnick v. American Broadcasting Cos., Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995) (citing cases). While some courts suggest that the exception has swallowed the rule, others appear unwilling to apply the exception. *Id.*; *Bower v. Jones*, 978 F.2d 1004, 1011 (7th Cir. 1992). As the *Desnick* court noted:

> The distinction certainly is unsatisfactory, but it reflects an understandable ambivalence, albeit one shared by few other states, about allowing suits to be based on nothing more than an allegation of a fraudulent promise. There is a risk of turning every breach of contract suit into a fraud suit, of circumventing the limitation that the doctrine of consideration is supposed however ineptly to place on making all

---

[3] The Illinois Supreme Court recently reinforced the fact that Illinois law does not recognize fraud as the making of a promise that one does not intend to keep. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). In that case, which involved the Consumer Fraud Act, the court stated, quoting an earlier decision by an Illinois appellate court:

> What plaintiff calls "consumer fraud" or "deception" is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. . . . We believe that a "deceptive act or practice" involves more than the mere fact that a defendant promised something and then failed to do it. That type of "misrepresentation" occurs every time a defendant breaches a contract.

*Id.* (quoting *Zankle v. Queen Anne Landscaping*, 724 N.E.2d 988, 992-93 (Ill. App. 2nd Dist. 2000)). Although *Avery* involved the Consumer Fraud Act, it emphasizes the law in Illinois that a simple failure to fulfill contractual obligations does not constitute fraud.

> promises legally enforceable, and of thwarting the rule that denies the award of punitive damages for breach of contract. A great many promises belong to the realm of puffery, bragging, "mere words," and casual bonhomie, rather than to that of serious commitment.

44 F.3d at 1354.

In terms of deciphering what is meant by "scheme to defraud," the Seventh Circuit has held that promissory fraud is actionable "if it is either particularly egregious or, what may amount to the same thing, it is embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." *Id.* In another case, the Seventh Circuit described a scheme to defraud as "a pattern of fraudulent acts." *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862, 866 (7th Cir. 1999).[4] *See also Bower*, 978 F.2d at 1012 (stating that "[i]n order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent – a scheme or device").

In this case, Chicago Imports' allegations lack the elements that have distinguished a scheme to defraud from a mere false promise. For instance, in *HPI*, the scheme alleged consisted of *repeated* false promises of future payment in order to induce the plaintiff to continue provision of pharmaceutical goods and services. 545 N.E.2d at 683. In this case, there is no allegation that Jada repeatedly made false promises to induce Chicago Imports to continue purchasing from it. Chicago Imports alleges only one proposal by Jada to sell toy cars at the same prices it was selling to other distributors. (Am. Countercl. ¶ 10.) Although Chicago Imports alleges that it entered into a "series

---

[4]In *Speakers of Sport*, the discussion of Illinois law of promissory fraud was technically dicta. The plaintiff was a competitor of the defendant, and the claim asserted was tortious interference with business relations, not fraudulent inducement of a contract. 178 F.3d at 864. The court held that the allegedly false promise – that the defendant would obtain millions of dollars of endorsements for a star baseball player – was puffery because it involved something over which the defendant had no control. *Id.* at 866.

of agreements" with Jada based on that proposal, the subsequent agreements entered into by the parties were based not on additional false promises or proposals, but, rather, on the single proposal alleged.

In another case, *Carl A. Haas Auto. Imports, Inc. v. Lola Cars Ltd.*, the court found that the plaintiff had sufficiently alleged a scheme to defraud based on allegations that the defendant falsely promised plaintiff that it would be defendant's exclusive distributor of Indy cars on a long-term basis. 933 F. Supp. 1381, 1392 (N.D. Ill. 1996). In that case, the defendant made the false promise on the condition that the plaintiff terminate all existing relations with a competitor of the defendant, which the plaintiff did, and the defendant reiterated its assurance that plaintiff would serve as defendant's exclusive car dealer throughout the next few years. *Id.* Those facts are "particularly egregious," as the plaintiff allegedly gave up a lucrative contract in reliance on the defendant's false promise, and the defendant made *repeated* false assurances over a long period of time in order to induce the plaintiff's reliance.

The facts pled in Chicago Imports' Amended Counterclaim are more akin to those found in cases where a motion to dismiss was granted. For instance, in *International Star Registry of Ill. v. ABC Radio Network, Inc.,* the court dismissed plaintiff's promissory fraud count where the complaint mentioned only one objective manifestation of a scheme to defraud, namely, that the defendant falsely represented that it would run plaintiff's advertisements with a certain frequency. 451 F. Supp. 2d 982, 988 (N.D. Ill. 2006). That single false promise did not qualify as particularly egregious, nor was it embedded in a larger pattern of deceptions or enticements that would reasonably induce reliance. *Id. See also ABM Eng. Servs. v. Thompson*, 2006 WL 1517776 at *3 (N.D. Ill. May 24, 2006) (Ashman, M.J.) (dismissing promissory fraud claim where plaintiff's

allegations did not include other acts of trickery compounding the initial misrepresentations nor the suggestion that defendants perpetrated fraud on a regular basis, and did not amount to a series of misrepresentations or an elaborate artifice of fraud).

In summary, Chicago Imports' promissory fraud claim does not sufficiently allege a "scheme to defraud," and Illinois law does not allow a claimant to proceed on a promissory fraud claim based solely on a misrepresentation of intention to perform future conduct.

## CONCLUSION

Accordingly, Jada's motion to dismiss Count II of the Amended Counterclaim [dkt 60] is granted. Because Chicago Imports has already amended its Counterclaim once following a motion to dismiss, this dismissal as to Count II is with prejudice. All fact discovery on both the Complaint and on Count I of the Amended Counterclaim shall be noticed in time to be completed by June 9, 2008. This case is set for status on May 6, 2008.

**IT IS SO ORDERED.**

*[signature]*

**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED: April 10, 2008**